### SIBLEY and others *v.* SIMONTON, Ex'x.

*Circuit Court, W. D. North Carolina.* June Term, 1884.

1. ESTATES OF DECEDENTS—CREDITORS—DEVISEE.

It is well settled that the claims of creditors of a deceased person must be satisfied before a devisee can derive any benefit from the bounty of the devisor.

2. SAME—CREDITOR'S BILL.

A devisee can, by a creditor's bill, be charged with the rents and profits of the property taken under the will of a decedent.

In Equity.

*Jones & Johnston,* for plaintiffs.

*Thos. S. Tucker,* for defendant.

DICK, J. This is a creditor's bill filed against the defendant, as executrix and sole devisee under the will of R. F. Simonton, for the purpose of administering the assets of the estate of the testator. Under previous orders, decrees, and proceedings, the proceeds arising from the sale of the personal property and the lands have been inadequate to satisfy the claims of the plaintiffs. A motion is now made, after due notice, to charge the defendant, as devisee, with the rents and profits which she admits she has received since the death of her testator. The plaintiffs are entitled to the relief they seek, as it is well settled that the claims of creditors of a deceased person must be satisfied before a devisee can derive any benefit from the bounty of the devisor. 2 Story, Eq. 1216; Ad. Eq. 268. In the case of *Washington* v. *Sasser,* 6 Ired. Eq. 336, the state supreme court has decided that when the personal estate of a deceased debtor has been exhausted, and the lands have also been sold, creditors whose debts remain unsatisfied have a right in equity to have satisfaction decreed out of the rents and profits derived from the lands by the heirs; at least, of so much as remain in their hands unexpended by them for their maintenance. This decision is sustained by cited authorities in England and this country, and has been affirmed in *Moore* v. *Shields,* 68 N. C. 327, and other subsequent cases.

I am of opinion that the defendant is entitled to retain out of such rents and profits the costs which she has paid for proceedings in obtaining her dower, and for the sums expended for repairs, taxes, and other expenses mentioned in her answer in the motion before the court.

An order may be drawn in conformity with this opinion.